Doe v. Oyster River Coop. Sch. Dist.   CV-95-402-SD 01/14/98
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Janet Doe, et al

        v.                              Civil No. 95-402-SD

Oyster River Cooperative
 School District


                        O R D E R


     This civil rights action arises from the sexual harassment
of Jane Doe and Janet Doe by John, their classmate at Oyster
River Middle School.  Presently before the court is defendant's
motion to reconsider "its Order of August 25, 1997 with respect
to its ruling denying defendant's Motion for Summary Judgment in
the case brought by Jane Doe against the School District," to
which plaintiffs object.

     Defendant's memorandum raises an issue that merits
discussion.  In an order dated August 25, 1997, this court held
that a school district which knows or should know of peer-on-peer
sexual harassment is under an obligation to "take steps
reasonably calculated to end [the harassment]."  Order,
August 25, 1997, at 26.  As defendants correctly point out, this
appears to be a negligence standard under which the school
district may be held liable for unreasonable but good-faith

attempts to end harassment.  The court took this negligence standard from the First Circuit in <u>Lipsett v. University of Puerto Rico</u>, 864 F.2d 881, 901 (1st. Cir. 1988).  However, subsequent to <u>Lipsett</u>, the United State Supreme Court held that monetary damages are not available for unintentional violations of Spending Clause statutes.  <u>Franklin v. Gwinnett County Public Schools</u>, 503 U.S. 60, 74 (1992) ("The point of not permitting monetary damages for an unintentional violation is that the receiving entity of federal funds lacks notice that it will be liable for a monetary award.").

Under <u>Franklin</u>, a school district may not be liable for monetary damages under Title IX for unintentional or negligent failure to end known sexual harassment.  This does not preclude, however, imposing liability for recklessness or gross negligence.  See <u>Board of County Comm'rs v. Brown</u>, 117 S. Ct. 1382, 1395, ___ U.S. ___, ___ (1997) (Souter, J. concurring) ("Deliberate indifference is thus treated, as it is elsewhere in the law, as tantamount to intent.").  Thus a school district that takes steps intended to end sexual harassment may nonetheless be liable for monetary damages if those steps are reckless or grossly unreasonable.  It is not enough, however, to show that the steps are merely unreasonable, because a pure negligence standard is foreclosed by <u>Franklin</u>.

Nonetheless, there remains a disputed issue of fact for the jury whether the steps taken by the Oyster River School District

were reckless or grossly unreasonable. The school district's key argument on this point is that their actions in response to complaints by the plaintiffs Jane and Janet stopped the harassment, which establishes that those actions were not reckless. However, it is not entirely clear that John stopped harassing Jane and Janet after the school district intervened. Whether the name-calling incident the next fall was a discrete, isolated occurrence, as defendants claim, or part of a preexisting pattern of harassment is a question of fact for the jury.

In response to defendant's motion to reconsider (document no. 30), for the foregoing reasons, the relief requested therein; namely, dismissal of Jane Doe's Title IX complaint, must be and herewith is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 14, 1998

cc:   Eleanor H. MacLellan, Esq.
      Bradley F. Kidder, Esq.
      Donald E. Gardner, Esq.

3